UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF TEXAS
                        TEXARKANA DIVISION

UNITED STATES OF AMERICA    §
                            §
V.                          §           5:05-CR-18(1)
                            §
RONALD KAY CORNELIUS        §

               **REPORT AND RECOMMENDATION OF**
               **THE UNITED STATES MAGISTRATE JUDGE**

On March 26, 2013, the Court held a hearing on the Government's Petition to Revoke Supervised Release. The Government was represented by Assistant United States Attorney Ryan Locker. Defendant was represented by Craig Henry.

Ronald Kay Cornelius ("Defendant") was sentenced on October 27, 2005, before The Honorable David Folsom of the Eastern District of Texas after pleading guilty of the offense of bank robbery, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 19 and a criminal history category of VI, was 63 to 78 months. Defendant was subsequently sentenced to 72 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; mandatory drug testing; substance abuse aftercare; and a $100 special assessment. On September 18, 2010, Defendant completed his period of imprisonment and began service of the supervision term. On July 11, 2011, Defendant's conditions of supervised release were modified to include alcohol abstinence.

In its petition to revoke, the Government alleges Defendant violated the following conditions:

1) **Defendant shall not commit another federal, state, or local crime**. Specifically, the Government alleges on June 26, 2011, Defendant was arrested for public intoxication in Texarkana,

Arkansas. Defendant served three days in jail, was fined $670, and placed on one year misdemeanor probation.

2) **Defendant shall not commit another federal, state, or local crime**. Specifically, the Government alleges on January 29, 2012, Defendant was arrested by the Miller County, Arkansas Sheriff's Office for public intoxication. Defendant paid a fine of $190 and was released on the same day.

3) **Defendant shall not commit another federal, state, or local crime**. Specifically, the Government alleges on March 14, 2013, Defendant was arrested by the Texarkana, Texas Police Department and charged with sexual assault. Defendant is being held in the Bowie County Correctional Center. The case is pending.

4) **Defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.** Specifically, the Government alleges Defendant failed to submit his written monthly supervision report for the following months in 2012: June, July, August, September, October, November, and December. On January 9, 2013, Defendant completed and submitted all overdue reports.

5) **Defendant shall notify the probation officer ten days prior to any change or residence or employment.** Specifically, the Government alleges Defendant failed to notify the U.S. Probation Office of a change in residence in October 2012.

6) **Defendant shall notify the probation officer ten days prior to any change or residence or employment.** Specifically, the Government alleges Defendant was fired from his employment at Tyson Foods in Nashville, Arkansas on June 26, 2012 and failed to report this termination to the

probation officer.

7) **Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician**. Specifically, the Government alleges on March 15, 2013, Defendant submitted a urine specimen which tested positive for cocaine and MDMA (Ecstasy). Defendant admitted to said use.

8) **Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician**. Specifically, the Government alleges as evidenced by his arrest for public intoxication on June 28, 2011, Defendant failed to avoid excessive use of alcohol. A modification adding alcohol abstinence was made to Defendant's conditions of release on July 11, 2011, as a result of the above noted arrest.

9) **Defendant shall abstain from the use of alcohol**. Specifically, the Government alleges as evidenced by his arrest for public intoxication on January 29, 2012, Defendant failed to abide by the alcohol abstinence condition added to his conditions of release on July 11, 2011.

The Court scheduled a revocation hearing March 26, 2013. At the hearing on the Government's petition and after consenting to the undersigned's taking the plea, Defendant pled true to all the allegations as set forth above with the exception of the third allegation. The Government withdrew the third allegation. Based upon Defendant's plea of true to the allegations, the Court found Defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition.

The Court thereafter recommended that the term of supervised release be revoked and the

sentence, which was agreed upon by the parties, be imposed as follows: Pursuant to the Sentencing Reform Act of 1984, it is recommended that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months, with an eighteen-month term of supervised release to follow said term of imprisonment. The Court further recommended as follows.

Within 72 hours of release from the custody of the Bureau of Prisons, Defendant shall report in person to the probation office in the district to which the defendant is released. While on supervised release, Defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions.

Defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring Defendant's ability to obtain and maintain lawful employment. Under the guidance and direction of the U.S. Probation Office, Defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider. Defendant shall not illegally possess a controlled substance, and shall refrain from any unlawful use of a controlled substance. Defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer. Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is released from the program by the probation officer. Defendant shall abstain from the use of alcohol.

The Court further recommended that the Court request the Bureau of Prisons designate the Federal Correctional Institution in El Reno, Oklahoma for service of sentence. Based on the

foregoing, it is

**RECOMMENDED** that Defendant's plea of true to all the allegations except the third allegations be **ACCEPTED**. It is further

**RECOMMENDED** that Defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months, with an eighteen-month term of supervised release to follow said term of imprisonment. Finally, it is

**RECOMMENDED** that the Court request the Bureau of Prisons designate the Federal Correctional Institution in El Reno, Oklahoma for service of sentence.

The parties were informed of the right to file objections to the recommendations as set forth above. The parties waived their objections.

Defendant was also advised that he has the right to be present with counsel, to speak in his own behalf, and to have counsel speak in his behalf before any additional sentence is imposed. Defendant signed a written waiver of his right to be present and speak, and his right to have counsel present and speak, before the district judge imposes the recommended sentence.

**SIGNED this 26th day of March, 2013.**

_Caroline M. Craven_
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE